## RAMON MORA V. THE STATE.

No. 18445.   Delivered June 10, 1936.

The opinion states the case.

*Manuel Diaz de Leon,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the of-

fense of rape, and his punishment was assessed at confinement in the state penitentiary for a term of ninety-nine years.

By bill of exception number one appellant complains that the court erred in declining to permit him to cross-examine the prosecuting witness with reference to her tetstimony given at the examining trial, because it denied him his constitutional right to be confronted by the witness against him and his legal right to cross-examine for the purpose of contradicting and testing her veracity. The bill of exception shows appellant was confronted by the witness. He was accorded the right to cross-examine her except with reference to the testimony she gave at the examining trial, and he was permitted by the court to read to the jury her entire testimony given at the examining trial for the purpose of showing contradictions or discrepancies; and if it did vary, he had the opportunity to point it out. The bill fails to show that even if he had been permitted to cross-examine her relative to her testimony given at the examining trial that he would have developed any contradiction of any material matter. Hence the bill fails to reflect any error. However, we do not wish to be understood as holding that a trial court has the legal right to deny, or unreasonably abridge, or curtail the right of cross-examination on any material matter.

Bill of exception number two merely shows that the district attorney in his closing argument took appellant's attorney to task for insinuating that the complaining witness had been coached by the district attorney before she took the witness chair. At this point appellant's attorney arose and stated that he did not mean to convey the idea that the district attorney had coached the witness, but that it had been done by her mother. Whereupon the court told appellant's attorney to sit down, that he had had his opportunity to speak and there the matter ended. We fail to see how or in what way this was prejudicial to him.

By bill of exception number three appellant complains of the action of the trial court in overruling his motion for a new trial based on the ground that the testimony was insufficient to warrant and sustain his conviction. The testimony offered by the State shows that appellant and Antonio Martinez took the prosecuting witness, a girl of nine years of age, under a bridge and each had an act of intercourse with her. The doctor who examined her a few hours after the alleged offense testified that he found no lacerations or blood, but did discover that her hymen was fractured. Appellant, who testified in his

own behalf, denied that he committed the offense. This raised an issue of fact to be solved by the jury who determined it adversely to the appellant. This court is not authorized by law to invade the province of the jury and override their verdict on a controverted issue of fact.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.